UNITED HOISTING COMPANY, INC., Respondent, v. GEORGE S. DASO, Appellant. — Action for an accounting brought under section 60 of the General Corporation Law to compel defendant to account for and pay over to plaintiff moneys withdrawn and received by him for salary as plaintiff's president during the period from June 1, 1931, to February 28, 1933, which plaintiff claims were excessive. Judgment decreeing that defendant account for and pay over to plaintiff $26,500, with interest and costs, unanimously affirmed with costs; finding No. 3 reversed and a new finding made in place thereof. No opinion. Present — Martin, P. J., Merrell, McAvoy, O'Malley and Untermyer, JJ.

THE CITY OF NEW YORK, Respondent, v. TOMPKINS BUS CORPORATION, Appellant.— Action to recover for use and occupation of certain streets in the borough of Richmond. Order denying defendant's motion for judgment dismissing the complaint unanimously reversed, with twenty dollars costs and disbursements, and the motion granted. (See opinion in *City of New York* v. *Bee Line, Inc.*, *ante*, p. 28, handed down herewith.) Present — Martin, P. J., Merrell, Townley, Glennon and Untermyer, JJ.

In the Matter of BENJAMIN B. WEINBERG, an Attorney.— Proceeding dismissed. No opinion. Present — Martin, P. J., Merrell, McAvoy, O'Malley and Untermyer, JJ.

In the Matter of RICARDO M. DE ACOSTA, an Attorney.— Reference ordered. Present — Martin, P. J., Merrell, McAvoy, O'Malley and Townley, JJ.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. NORRIS B. GADDESS, Appellant, v. DOROTHY QUINCY GADDESS, Respondent.— Order dismissing writ of habeas corpus issued on petition of the relator to obtain from his wife the custody of their children reversed and the custody of the children awarded to the appellant. We are of the opinion that it would serve no useful purpose to spread upon the reports the facts that have been brought out in this case. Present — Martin, P. J., O'Malley, Townley, Glennon and Untermyer, JJ.; O'Malley and Untermyer, JJ., dissent and vote to affirm. Settle order on notice providing for the right of visitation.

ARCHIBALD McNEIL, JR., Appellant, v. MONROE M. GOLDSTEIN, Respondent.— Appeal from judgment entered on a decision after trial at Trial Term without a jury, dismissing the complaint on the merits and awarding defendant recovery of $24,722 on his counterclaim. The complaint alleged two causes of action on promissory notes made in Florida, each for $11,666.67, one payable in one year, the other in two years. At the close of the trial the court granted plaintiff's motion to amend the pleadings to conform to the proof by alleging a breach by defendant of a contract for the purchase of real property. The answer alleged as a defense and counterclaim that defendant was induced to enter into said contract, pay a deposit of $15,000 and make the notes, by false representations of the plaintiff as to development of adjoining property. It also set up the defense of the Statute of Frauds. Judgment affirmed, with costs. No opinion. Present — Martin, P. J., Merrell, Townley, Glennon and Untermyer, JJ.; Untermyer, J., dissents from so much of the judgment as awards judgment in favor of the defendant on the counterclaim, upon the ground that the defendant's failure to pay the note due on August 21, 1926, relieved the plaintiff from the necessity of acquiring title to the property for tender to the defendant on the date of closing, and that the defendant failed to establish affirmatively that on August 21, 1926, the plaintiff could not have performed the contract if the defendant had performed.